UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTIAN HOWARD,<br><br>         Plaintiff,<br><br>v.<br><br>PILOT CATASTROPHE SERVICES, INC.,<br><br>         Defendant. | Case No.:<br><br><br><br><br><br>FEBRUARY 22, 2023 |

**<u>DEFENDANT PILOT CATASTROPHE SERVICES, INC.'S NOTICE OF REMOVAL</u>**

Defendant Pilot Catastrophe Services, Inc. ("Pilot" or "Defendant"), pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, and 42 U.S.C. § 4072, 44 C.F.R. Pt. 61, App. A(1), files this Notice of Removal of the above-captioned action from the Essex County Superior Court of the Commonwealth of Massachusetts, (the "State Court Action") to the United States District Court for the District of Massachusetts.

As discussed herein, Plaintiff Christian Howard's ("Plaintiff") lawsuit may only be addressed in federal court, regardless of the amount in controversy, because Plaintiff raises a substantial federal question by alleging a dispute arising from the handling of a claim made under a Standard Flood Insurance Policy issued pursuant to the National Flood Insurance Act. *See Newton v. Capital Assurance Co.*, 245 F.3d 1306, 1309 (11th Cir. 2001). Jurisdiction is further appropriate because Plaintiff has succinctly placed at issue matters exclusively regulated by the Federal Emergency Management Agency ("FEMA") under the authority of Congress pursuant to 42 U.S.C. § 4072, 44 C.F.R. Pt. 61, App. A(1), and 42 U.S.C. §§ 4013 and 4019. Finally, in addition to the fact that disputes such as these are properly brought only in federal court, this Court

has diversity jurisdiction in this matter, as the parties are diverse and the amount in controversy exceeds the jurisdictional limit.

In support of this Notice, Pilot states as follows:

1. The Complaint in the State Court Action is was filed with the Essex County Superior Court (hereinafter the "Complaint" or "Compl.") on January 17, 2023 and assigned Civil Action No. 2377CV00051A.

2. On or about January 27, 2023, Pilot was served with a copy of the Complaint. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Pilot are attached hereto as **Exhibit 1**.

3. This Notice of Removal is timely filed pursuant to 28 U.S.C. §1446(b) and Rule 6 of the Federal Rules of Civil Procedure because it is filed within thirty (30) days of Pilot's initial receipt of the Complaint, which constitutes the "pleading…from which it may first be ascertained that the case is one which is…removable." 28 U.S.C. § 1446(b).

## PLAINTIFF'S ALLEGATIONS

4. Plaintiff alleges that, at all relevant times, he was insured under a National Flood Insurance Policy (the "Policy") issued by American Bankers Insurance Company of Florida ("American Bankers"). (Complaint, ¶¶ 4-8).

5. Following a January 2018 winter storm and subsequent flood, Plaintiff made a claim under his flood Policy to American Bankers, and American Bankers assigned Pilot to adjust the claim. (*Id.*, ¶¶ 7-9).

6. Following a disagreement between Plaintiff and American Bankers concerning the amount of damage covered under the Policy for both the January 2018 storm and a subsequent March 2018 storm, Plaintiff brought suit against American Bankers in federal court

in the District of Massachusetts in an action captioned *Christian Howard v. William B. Long, et al.*, Case No.: 1:19-cv-10007-DLC. (*Id.*, ¶¶ 10-22).

7. Now, more than five years after the initial flooding event, and following a resolution of his claims against American Bankers nearly three years ago, Plaintiff seeks to recover from Pilot what he could not obtain from American Bankers under the Policy. (*See id., passim*).

8. Plaintiff's sole cause of action is a state-law based claim alleging a violation of G.L. c. 93A §§ 2, 9 and G.L. c. 176D, § 3. (*Id.*, ¶¶ 1, 24-33).[1]

## FEDERAL JURISDICTION UNDER 28 U.S.C. § 1331 AND 42 U.S.C. § 4072

9. Flood insurance in the United States is provided through the National Flood Insurance Program ("NFIP"), a federal program administered by FEMA. In order to better administer the NFIP, FEMA authorizes private insurance companies—called Write-Your-Own ("WYO") Carriers—to offer flood insurance policies to the public under their own logos. Although these policies are issued by private companies, the Standard Flood Insurance Policy itself is written by FEMA and codified at 44 C.F.R. Pt. 61, App. A(1).

10. Congress underwrites all operations of the NFIP through the U.S. Treasury, including appropriations for both the adjustment of flood claims and the payment of those claims. All flood claim payments made by a WYO Program carrier under a Standard Flood Insurance Policy are made out of a segregated account containing U.S. Treasury funds; flood claim payments are not made with WYO Program carrier funds. *Newton v. Capital Assur. Co.*, 245 F.3d 1306, 1311 (11th Cir. 2001); 44 C.F.R. § 62.23(f).

---

[1] Pilot does not concede that Plaintiff may assert this cause of action. Indeed, as will be explained in Pilot's forthcoming Motion to Dismiss, any state law claims against Pilot, including claim(s) brought pursuant to G.L. c. 93A/176D, are specifically preempted by federal law and may not be validly maintained.

11. American Bankers participates in, and issues Standard Flood Insurance Policies under, the NFIP's WYO Program. The Policy issued by American Bankers to Plaintiff was a Standard Flood Insurance Policy. (Complaint, ¶ 6).

12. Additionally, the NFIP and the Standard Flood Insurance Policy are all governed by federal law, not state law. 44 C.F.R. Pt. 62, App. A, Art. I ("Whereas any litigation resulting from, related to, or arising from the Company's compliance with the written standards, procedures, and guidance issued by FEMA or FIA arises under the Act, regulations, or FIA guidance, and legal issues thereunder raise a federal question…").

13. The statutory scheme approved by Congress for flood insurance claims confers original exclusive jurisdiction upon the federal courts. 42 U.S.C. § 4072 provides:

> In the event the program is carried out as provided in section 4071 of this title, the Administrator shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and upon the disallowance by the Administrator of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Administrator, may institute an action against the Administrator on such claim in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and <u>original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.</u>

(emphasis added).

14. Further, and more specifically, FEMA amended the SFIP in 2000 to include Article IX, which states:

> This policy and <u>all disputes arising from the handling of any claim under the policy</u> are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act ... and Federal common law.

44 C.F.R. pt. 61, App. A(1), Art. IX (emphasis added).

15. Plaintiff's dispute in this suit against Pilot plainly arises from the "handing of any claim" under the Policy issued by American Bankers to Plaintiff. "Article IX preempts '<u>all disputes arising from the handling of any claim</u>' under the SFIP. It is not limited to suits against WYO carriers." *Moffett v. Computer Scis. Corp.*, 457 F. Supp. 2d 571, 583 n.19 (D. Md. 2006) (emphasis in original). As such, this Court, and not state court, has exclusive jurisdiction over this dispute. *See, e.g.*, *Moore & Moore Trucking, LLC v. Beard*, No. CIV.A. 12-3037, 2013 WL 828344, at *4-7 (E.D. La. Mar. 6, 2013); *Morris v. Simsol Ins. Servs.*, No. 2:13-CV-02514, 2013 WL 6590584, at *5 (W.D. La. Dec. 16, 2013) ("[A]lthough plaintiff only names two private adjusting companies and a software company, these entities served as agents of plaintiff's WYO insurer who in turn served as an agent of the federal government. Plaintiff seeks to litigate defendants' handling of an NFIP claim, and such disputes must be heard exclusively in federal court.").

16. Additionally, federal law expressly allows WYO Companies, including American Bankers, to hire subcontractors or insurance adjustment organizations to investigate claims under the SFIP. *See* 44 C.F.R. § 62.21. That is what American Bankers did when it retained Pilot to adjust Plaintiff's claims. (Complaint, ¶ 9).

17. Federal regulations provide that adjusters, such as Pilot, cannot waive, alter, or amend any of the provisions of the SFIP, nor can they approve or disapprove claims or tell the insured whether the NFIP will approve or disapprove the claim. *See* 44 C.F.R. § 61.13(d).

18. Because Plaintiff alleges Pilot improperly handled his flood claim(s) made under a Standard Flood Insurance Policy (*see generally,* Complaint), Plaintiff's right to relief involves the interpretation of federal statutes and regulations under the NFIP, and, therefore, necessarily depends on the resolution of substantial questions of federal law. As such, this matter raises a substantial federal question and, as a result, this Court has jurisdiction over this litigation pursuant

to 28 U.S.C. § 1331. *See, e.g.*, *Moore & Moore Trucking, LLC*, 2013 WL 828344 at *4-7; *Morris*, 2013 WL 6590584, at *4 ("In the instant case, plaintiff's allegation that her NFIP was claim was mishandled necessitates the interpretation of federal law, namely the Congressionally-authorized regulations promulgated by FEMA regarding to the NFIP. As such, her claim 'depends on the resolution of a substantial question of federal law,' and jurisdiction under 28 U.S.C. § 1331 is appropriate.").

## **FEDERAL JURISDICTION UNDER 28 U.S.C. § 1332**

19. Another, independent, ground for removal is diversity of citizenship under 28 U.S.C. § 1332, insofar as Pilot and the Plaintiff currently are, and at all relevant times were, citizens of different states. Specifically:

   a. Defendant Pilot is, and at all material times was, a corporation organized under the laws of the State of Alabama with a principal place of business in Alabama. (Compl., ¶ 3).

   b. Plaintiff is the owner of the insured residence and, upon information and belief, is a Massachusetts resident. (*Id.*, ¶ 4).

20. In addition, as required by 28 U.S.C. § 1332(a), the amount in controversy is in excess of $75,000.00.

21. Plaintiff has asserted a litany of damages against Pilot, including: (1) $33,000.00 in attorney's fees related to his first suit against American Bankers (*id.*, ¶ 23.A.); (2) $7,230.00 in legal fees related to an unrelated child support action (*id.*, ¶ 23.B.); (3) costs associated with a $20,000.00 loan (*id.*); (4) costs associated with his claimed inability to pay excise tax, water bills, mortgage, credit card statements, and other bills (*id.*, ¶ 23.D.); (5) supposed underpayment related to at least $46,656.06 that Plaintiff allegedly incurred to repair his house (*id.*, ¶ 15); and (6)

$6,439.92 in supplies purchased from various retailers (*id*, ¶ 16). Moreover, Plaintiff seeks to recover attorney's fees related to this suit, as well as treble damages. (*Id.*, Request for Relief); *See L. Off. of Joseph J. Cariglia, P.C. v. Jelly*, 146 F. Supp. 3d 251, 254 (D. Mass. 2015) ("The amount in controversy includes statutory multipliers of damages, such as the treble damages provision in Mass. Gen. Laws ch. 93A.").

22. The Complaint is devoid of any allegation that the amount sought exclusive of interest and costs is less than $75,000.00, nor does the Complaint stipulate that Plaintiffs will refuse to accept judgment exceeding the federal jurisdictional minimum.

23. Because there is complete diversity of citizenship and because it is reasonably probable that the amount in controversy exceeds $75,000.00, this Court has jurisdiction under the provisions of 28 U.S.C. § 1441(b).

24. Pilot will file a copy of this Notice of Removal with the Essex County Superior Court of the Commonwealth of Massachusetts pursuant to 28 U.S.C. § 1446(d).

25. By agreement of counsel for the parties, the time for Pilot to file a responsive pleading in the State Court Action has not expired. Pilot reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

WHEREFORE, notice is hereby given that this action is removed from the Essex County Superior Court of the Commonwealth of Massachusetts to the United States District Court for the District of Massachusetts.

Dated: February 22, 2023

DEFENDANT

PILOT CATASTROPHE SERVICES, INC.

By: /s/ *Julianna M. Charpentier*
Julianna M. Charpentier (BBO #703286)
Robinson & Cole LLP
One Boston Place, 25th Floor
Boston, MA 02108
Phone: 617-557-5930
Fax: 617-557-5999
jcharpentier@rc.com


J. Tyler Butts (*pro hac vice* forthcoming)
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103
Phone:  860-275-8200
Fax:  860-275-8299
jbutts@rc.com

**Certificate of Service**

This is to certify that a copy of the foregoing was sent via first-class mail, postage prepaid, on this 22nd day of February 2023 to the following counsel of record:

Richard B. Reiling, Esq.
Bottone Reiling
63 Atlantic Ave., 3rd Floor
Boston, MA 02110
*Attorney for Plaintiff*

                                      By:    */s/ Julianna M. Charpentier*
                                                    Julianna M. Charpentier